1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

TYLER JOHN BUCK,

        Plaintiff,

   v.

EQUIFAX INFORMATION SERVICES, LLC, et al.,

        Defendants.

CASE NO. 3:22-cv-05975-RSM

**JOINT STIPULATION AND MOTION FOR PROTECTIVE ORDER**

NOTE FOR MOTION CALENDAR:
December 19, 2023

The parties stipulate and move the court for the entry of a protective order as follows:

1.    PURPOSES AND LIMITATIONS

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

JOINT STIPULATION AND MOTION FOR PROTECTIVE ORDER
CASE NUMBER 3:22-CV-05975-RSM  - 1

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Proprietary and confidential documents detailing policies, practices and procedures the public dissemination of which could result in a competitive disadvantage to the disclosing party or potentially compromise data security and/or fraud prevention processes; confidential personal and account information not otherwise available to the public; and confidential agreements with third parties.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

All persons receiving documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Section 4.2 and for the purposes specified, and in no event shall such person

make any other use of such document or transcript.

4.3    <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:22-CV-05975-RSM  - 4

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)     <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's

right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3      Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or

agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.  <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction. The parties agree to confirm destruction of confidential materials, if that is the chosen method for treatment of confidential materials upon conclusion of the litigation.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: December 18, 2023


Sessions, Israel & Shartle, LLC
*/s/ Brian D. Rothl*
Brian D. Roth, Esq. (pro hac vice)
3850 N. Causeway Blvd. Suite 200
Metairie, LA 70002
Tel: 504.846.7932
Fax: 504.828.3737
broth@sessions.legal

-and-

Ryan W. Vollans, WSBA No. 45302
Williams Kastner
Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101
Tel: 206.628.6600
rvollans@williamskastner.com

***Counsel for Defendant Jefferson Capital
Systems, LLC***

DONALD G. GRANT, P.S.

/s/ Donald G. Grant
Donald G. Grant, WSBA#15480
200 SE 192nd Avenue, Suite 200
Camas, WA 98607
TEL: (360) 210-5000
E-MAIL: don@dongrantps.com

***Of Counsel for Defendant Verizon Wireless
Services, LLC***


BERGER MONTAGUE PC

/s/ Hans W. Lodge
Hans W. Lodge (MN Bar #0397012)
*Admitted Pro Hac Vice*
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (612) 607-7794
Facsimile: (612) 584-4470
Email: hlodge@bm.net

-and-

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:22-CV-05975-RSM  - 9

TERRELL MARSHALL LAW GROUP PLLC

Beth E. Terrell, WSBA #26759
Jennifer Rust Murray, WSBA #36983
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com

*Counsel for Plaintiff Tyler John Buck*


 */s/ Angela M. Taylor*
Angela M. Taylor, CASBA No.
210425
*Admitted Pro Hac Vice*
Jones Day
3161 Michelson Drive, Ste. 800
Irvine, California 92612
Telephone: 949.851.3939
Email:
angelataylor@jonesday.com

Sara J. Wadsworth, WSBA NO.
55952
Stoel Rives LLP
600 University Street, Suite
3600
Seattle, WA 98101
Telephone: 206.624.0900
Email:
sara.wadsworth@stoel.com

*Attorneys for Defendant*
*EXPERIAN INFORMATION*
*SYSTEMS, INC.*

1

/s/ *Che'lee A. John*
Che'lee A. John, Esq. (Admitted *Pro Hac Vice*)

2

Schuckit & Associates, P.C.
4545 Northwestern Drive

3

Zionsville, IN  46077
Telephone:  (317) 363-2400 Ext. 113

4

Facsimile:  (317) 363-2257
E-Mail:  cjohn@schuckitlaw.com

5

and

6

7

Nicholas Ranallo, Esq.  WSBA No.:  51439
Ranallo Law Office

8

5058 57th Avenue South
Seattle, WA  98118

9

Telephone:  (831) 607-9299
E-Mail:  nick@ranallolawoffice.com

10

**Of Counsel for Defendant Trans Union, LLC**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1     PURSUANT TO STIPULATION, IT IS SO ORDERED that the above Stipulated

2 Protective Order is hereby GRANTED.

3     IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

4 documents, electronically stored information (ESI) or information, whether inadvertent or

5 otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or

6 state proceeding, constitute a waiver by the producing party of any privilege applicable to those

7 documents, including the attorney-client privilege, attorney work-product protection, or any other

8 privilege or protection recognized by law. This Order shall be interpreted to provide the maximum

9 protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

10 Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

11 of documents, ESI or information (including metadata) for relevance, responsiveness and/or

12 segregation of privileged and/or protected information before production.  Information produced

13 in discovery that is protected as privileged or work product shall be immediately returned to the

14 producing party.

15

16     DATED:  January 2, 2024.

17

18

19                      RICARDO S. MARTINEZ

20                      UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:22-CV-05975-RSM  - 12

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Western District of Washington on [date] in the

case of Tyler John Buck v. Equifax Information Services, LLC, Case No. 3:22-cv-05975-RSM. I

agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:22-CV-05975-RSM - 13

1

## CERTIFICATE OF SERVICE

2

3        I hereby certify that I served the foregoing pleading on December 18, 2023, as follows:

4        Hans W. Lodge,
         Berger Montague PC
         1229 Tyler St NE, Suite 205
5        Minneapolis, MN 55413
         TEL: (612) 607-7794
6        Email: hlodge@bm.net
                 Of Counsel for Plaintiff
7
         Beth E. Terrell, WSBA #26759
8        Jennifer Rust Murray, WSBA #36983
         936 North 34th Street, Suite 300
9        Seattle, Washington 98103-8869
         TEL: (206) 816-6603
10       Email: bterrell@terrellmarshall.com
                 jmurray@terrellmarshall.com
11
         Nicholas R. Ranallo
12       Nicholas Ranallo
         5058 57th Ave S
13       Seattle, WA 98118
         TEL:  831-607-9229
14       Email: nick@ranallolawoffice.com
                 Of Counsel for Trans Union, LLC
15
         Angela M. Taylor, CASBA No. 210425
16       Admitted Pro Hac Vice
         Jones Day
17       3161 Michelson Drive, Ste. 800
         Irvine, California 92612
18       Telephone: 949.851.3939
         Email: angelataylor@jonesday.com
19       Of Counsel for Experian Information Systems, Inc.

20       Sara J. Wadsworth, WSBA NO. 55952
         Stoel Rives LLP
21       600 University Street, Suite 3600
         Seattle, WA 98101
22       Telephone: 206.624.0900
         Email: sara.wadsworth@stoel.com
23       Of Counsel for Experian Information Systems, Inc.

24       Che'lee A. John, Esq. (Admitted Pro Hac Vice)
         Schuckit & Associates, P.C.
25       4545 Northwestern Drive
         Zionsville, IN  46077
26       Telephone:  (317) 363-2400 Ext. 113

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:22-CV-05975-RSM  - 14

1   Facsimile:  (317) 363-2257
    E-Mail:  cjohn@schuckitlaw.com
2       Lead Counsel for Defendant Trans Union, LLC

3   Ryan W. Vollans
    Williams Kastner & Gibbs
4   Two Union Square
    601 Union St Suite 4100
5   Seattle, WA 98101
    TEL: 206-628-2781
6   Email: rvollans@williamskastner.com
    Of Counsel for Jefferson Capital Systems, LLC
7
    Brian D. Roth
8   Sessions, Israel & Shartle
    3850 N. Causeway Boulevard, Suite 200
9   Metairie, LA 70002-7227
    Email: broth@sessions.legal
10  TEL: 504-828-3700
    Of Counsel for Jefferson Capital Systems, LLC
11
    Nicholas M. Bell
12  Sessions, Israel & Shartle
    3850 N. Causeway Boulevard, Suite 200
13  Metairie, LA 70002-7227
    TEL: 504-828-3700
14  Email: nbell@sessions.legal
    Of Counsel for Jefferson Capital Systems, LLC
15
        __x__ by electronic means through the Court's Case Management/ Electronic Case File
16  (CM/ECF) system on the date set forth above;

17      ____ by directly e-mailing a true copy to him or her at the e-mail address listed above.

18      ____ by mailing a true copy to him or her at the address listed above.

19
        DATED: December 18, 2023.
20

21              /s/ Donald G. Grant
                DONALD G. GRANT, WSBA#15480
22              Of Counsel for Defendant Verizon
                Wireless Services, LLC
23

24

25

26

STIPULATED PROTECTIVE ORDER
CASE NUMBER 3:22-CV-05975-RSM  - 15